**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| STEVEN J. BANK, ) | |
|       Petitioner, ) | Case no. 2:17-cv-00691-RFB-NJK |
| vs. ) | **ORDER** |
| ELLWORTH WINNER, ) | |
|       Respondent. ) | |

      This case is a petition for a writ of habeas corpus under 28 U.S.C. § 2241. With his petition, Bank seeks to challenge the issuance of a traffic citation and the municipal court's denial of his motion to dismiss.

      The court has reviewed Bank's petition pursuant to 28 U.S.C. § 2243. The federal courts have jurisdiction to issue a writ of habeas corpus to someone who "is in custody in violation of the Constitution or laws or treaties of the United States. . . ." 28 U.S.C. § 2241(c)(3). The "in custody" requirement is jurisdictional. *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam).

      Bank does not allege facts establishing that can meet the "in custody" requirement. In general, courts hold that the imposition of a fine does not suffice. *Bailey v. Hill*, 599 F.3d 976, 979 (9th Cir. 2010); *Williamson v. Gregoire*, 151 F.3d 1180, 1183 (9th Cir. 1998); *Dremann v. Francis*, 828 F.2d 6, 7 (9th Cir. 1987). Bank does not otherwise state or suggest how his liberty being restrained in a manner for him to be considered "in custody." Thus, this court lacks jurisdiction to grant habeas relief.

1 **IT IS THEREFORE ORDERED** that the petition for writ of habeas corpus (ECF No. 1) is
2 DISMISSED for lack of jurisdiction. The Clerk shall enter judgment accordingly.
3 **IT IS FURTHER ORDERED** that the petitioner is denied a certificate of appealability.
4 DATED this 22nd day of March, 2017.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE

2